IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CELL FILM HOLDINGS, LLC, | Case No. 3:16-cv-01387-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| DOE-76.115.222.248, | |
| Defendant. | |

**BECKERMAN, Magistrate Judge.**

Plaintiff Cell Film Holdings, LLC ("Plaintiff") moves, pursuant to FED. R. CIV. P. 45(g) ("Rule 45"), for an order sanctioning non-party Maurice Newcomb ("Newcomb") for failing to attend and testify at a Rule 45 deposition. As discussed below, the Court finds that Newcomb violated a court order when he failed to attend and testify at the Rule 45 deposition, and should therefore be sanctioned. Accordingly, the Court orders Newcomb to pay to Plaintiff its attorney's fees and costs resulting from Newcomb's failure to appear.

## BACKGROUND

On July 7, 2016, Plaintiff filed a Complaint against a Doe defendant identified only by an Internet Protocol ("IP") address. Plaintiff's investigators observed the IP address distributing

PAGE 1 – OPINION AND ORDER

Plaintiff's motion picture, *Cell*, via a public BitTorrent network. Thereafter, Plaintiff issued a subpoena to Internet Service Provider Comcast, pursuant to Standing Order 2016-8, seeking the identity of the IP address subscriber. Comcast returned a subpoena identifying Newcomb as the subscriber.

On August 26, 2016, Plaintiff's counsel sent a letter to Newcomb, describing the nature of this suit, stating that Comcast identified Newcomb as the subscriber, encouraging Newcomb to consult with an attorney, providing Newcomb with information regarding how to retain *pro bono* counsel, and attaching a copy of Standing Order 2016-7. Plaintiff's counsel also sent a follow-up letter on September 2, 2016, seeking Newcomb's assistance in resolving this matter. Newcomb did not respond to either letter.

On September 12, 2016, Plaintiff personally served Newcomb with, among other things, a Rule 45 subpoena, providing notice of his deposition scheduled for October 11, 2016. Newcomb did not appear for the deposition or otherwise respond to the Rule 45 subpoena.

On October 11, 2016, Plaintiff filed a Motion for Order to Show Cause, asking the Court to find Newcomb in contempt for failing to appear and testify at his deposition, and to impose sanctions. After court-appointed counsel was unable to make contact with Newcomb, and after Newcomb failed to respond to the Court's order to show cause, in writing, why the Court should not impose financial sanctions for his failure to comply with Plaintiff's Rule 45 subpoena, the Court ordered Newcomb to appear for a show cause hearing on January 25, 2017. Newcomb failed to appear at the hearing, show cause, or respond in any way.

## ANALYSIS

### I.    LEGAL STANDARD

As explained in *LHF Prods., Inc. v. Doe*, No. 3:16–CV–00716–AC, 2016 WL 6208269 (D. Or. Oct. 21, 2016), a district court "may hold in contempt a person who, having been served,

PAGE 2 – OPINION AND ORDER

fails without adequate excuse to obey the subpoena or an order related to it." *Id.* at *2 (citation omitted). In order to initiate a civil contempt proceeding, a district court "must issue an order to show cause as to why a contemnor should not be held in contempt, as well as a notice of a date for the hearing." *Id.* At the hearing, the moving party must establish, by clear and convincing evidence, that the non-party violated a specific and definite court order. *Id.* Sanctions, such as attorney's fees and costs, may be warranted when a non-party fails to comply with a subpoena. *Id.*

## II.   DISCUSSION

Plaintiff has established, by clear and convincing evidence, that Newcomb violated a specific and definite court order. Plaintiff's Rule 45 subpoena, which was issued pursuant to Standing Order 2016-8, "constitutes a court order for which [Newcomb's] failure to comply could result in a finding of civil contempt." *LHF Prods.*, 2016 WL 6208269, at *2 (citations omitted). Plaintiff personally served Newcomb with the Rule 45 subpoena on September 12, 2016, compelling Newcomb's appearance at a deposition set for October 11, 2016. By failing to appear at the deposition, Newcomb violated a court order. *See id.* (holding the same). Newcomb also failed to (1) comply with the Court's order to show cause in writing why the Court should not impose sanctions; (2) appear at the show cause hearing on January 25, 2017; (3) respond to court-appointed counsel's communications; or (4) provide any explanation for his noncompliance. On the basis of the foregoing events, the Court concludes that sanctions are warranted here.

Individuals like Newcomb may disagree with copyright law as applied to BitTorrent use, and may view this type of litigation as unsavory, unfair, or an abuse of judicial process. Nevertheless, the law is the law, and a court order is a court order. If a non-party receives a Rule

45 subpoena, that non-party *must* appear for the scheduled deposition, or contact Plaintiff's counsel to reschedule the deposition. Failure to appear for the deposition is a violation of a court order, and will be sanctioned by this Court.

If the non-party appears for deposition and is not the infringing party, the non-party's involvement in the case is likely over. If the non-party appears for the deposition and accepts responsibility for the alleged infringement, this Court's statutory damage award will, in almost all cases, be less than the sanction for not appearing at the deposition in the first place. This Court gave Newcomb every opportunity to participate in this litigation while protecting his rights — from appointing *pro bono* counsel to giving Newcomb an opportunity to explain his position to the Court in writing — and Newcomb chose to ignore the Court. The functioning of our justice system requires respect for, and strict adherence with, court orders. Newcomb's flagrant disregard for this Court's orders is a serious matter deserving of the sanctions the Court imposes today.

## CONCLUSION

For the foregoing reasons, the Court finds that Newcomb violated a court order. Accordingly, Plaintiff is entitled to recover its costs and attorney's fees incurred as a result of the failed deposition, the motion for order to show cause, and the show cause hearing. The Court orders Plaintiff to provide, at the appropriate time (as discussed on the record), an itemization of the costs and attorney's fees discussed herein.

DATED this 26th day of January, 2017.

_____
STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 4 – OPINION AND ORDER