# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**CELL FILM HOLDINGS, LLC**,

    Plaintiff,

v.

**MAURICE A. NEWCOMB, SR.**,

    Defendant.

Case No. 3:16-1387-SB

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on October 12, 2017. ECF 39. Judge Beckerman recommended that Plaintiffs' motion for default judgment be granted and a default judgment be entered in the amount of statutory damages of $750 for each Plaintiff. Plaintiff timely filed objections. Plaintiff objects that damages should be higher than the statutory minimum of $750.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act],

intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

The Court has reviewed *de novo* the issue objected-to by Plaintiff—whether damages should be greater than $750. Plaintiff argues that Defendant had continued to use BitTorrent even after receiving notices that such conduct violated the law, including receiving email notices from Comcast and being served with his deposition subpoena under Rule 45 of the Federal Rules of Civil Procedure and the summons and Amended Complaint in this action. Judge Beckerman found that there is no evidence that the emails sent from Comcast, to Defendant's Comcast email address, were received by Defendant. The Court agrees that Plaintiff has failed to show that the Comcast email is Defendant's primary (or even a monitored) email address or that Defendant actually received those emails. With respect to service of the summons and complaint, this happens in every case, and nearly every BitTorrent case involves service of a deposition subpoena under Rule 45. Under Plaintiff's theory, enhanced damages would thus be required in every case if Plaintiff's unchallenged monitoring mechanism identify ongoing BitTorrent activity associated with the IP address. For the reasons discussed by Judge Beckerman regarding the

level of culpability and when enhanced damages are appropriate, the Court does not find enhanced damages under such circumstances to be appropriate.

For the portion of the Findings and Recommendation to which no party made objections, the Court follows the recommendation of the Advisory Committee and reviews Judge Beckerman's Findings and Recommendation for clear error on the face of the record. No such error is apparent.

## CONCLUSION

The Court **ADOPTS** Judge Beckerman's Findings and Recommendation, ECF 39. Plaintiffs' motion for default judgment (ECF 36) is GRANTED. A judgment will be entered against Defendant, permanently enjoining him from infringing Plaintiff's rights in the movie *Cell* and awarding $750 in statutory damages to Plaintiff.

**IT IS SO ORDERED.**

DATED this 21st day of November, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge